## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| WILLIAM BRYANT, <br><br> Plaintiff, <br><br> v. <br><br> WAYPOINT RESOURCE GROUP LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:21-cv-00157 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** William Bryant ("Plaintiff"), by and through his attorneys, , complaining as to the conduct of Waypoint Resource Group LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a third-party collection agency with its principal location of business at 301 Sundance Parkway, Round Rock, Texas 78681.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On January 5, 2021, Defendant mailed or caused to be mailed a collection letter to Plaintiff ("collection letter"). *See* Exhibit A, a true and correct copy of the collection letter Defendant sent to Plaintiff dated January 5, 2021.

8. The collection letter was attempting to collect upon a defaulted balance of $209.88 originally owed to Comcast Communications ("subject debt").

9. The collection letter misleadingly states that Plaintiff has the "option of reducing the balanced owed to $136.42, which will settle your account in full."

10. Nowhere in the collection letter does it state that Defendant is not obligated to renew the offer.

11. Defendant deliberately designed the collection letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the discounted payment offer.

12. Plaintiff was confused because the collection letter fails to state any time frame that the reduced balance is good for, instead just stating that account will be considered paid in full when the payment is received.

13. Furthermore, the collection letter failed to contain any disclaimers regarding any interest or fees that may ensue if the balance is not paid in a specific amount of time.

14. To add to Plaintiff's confusion, the letter continued to state "**NOTICE: SEE REVERSE SIDE AND/OR ADDITIONAL PAGE(S) FOR IMPORTANT INFORMATION.**"

15. Despite this emphasized, bold notification, the back of the letter contained no additional information, leaving Plaintiff fearful that he was missing information that may be harmful to his wellbeing.

16. As such, the above-referenced representations are deceptive, misleading, and constitute unfair collection practices in violation of the FDCPA.

## DAMAGES

17. Defendant's wanton and malicious conduct has severely affected Plaintiff's life and well-being.

18. Plaintiff has expended time consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because their primary business is the collection of delinquent debts and they regularly collect debts and use the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because they acquired rights to the subject debt after it was in default 15 U.S.C. §1692a(6).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. The collection letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the discounted payment offer was open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff.

28. As the Seventh Circuit Court of Appeals in *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

29. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any

4

offers provided," which was designed to balance the interests of consumers and debt collectors. *Id*. at 776.

### a. Violations of FDCPA § 1692e

30. Defendant violated §§1692e and e(10) when they used false, deceptive, and misleading means in connection to the alleged subject debt.

31. Defendant misleadingly neglected to provide Plaintiff with any information regarding an expiration of the offer of the reduced balance.

32. Additionally, Defendant failed to provide any information regarding potential fees and/or interests that may or may not be applied to the amount if Plaintiff failed to pay the outstanding amount in a specific timeframe.

### b. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated 15 U.S.C. §1692f when it unfairly sought to take advantage of Plaintiff by causing confusion, in effort to seek immediate payment of the subject debt.

35. As an experienced debt collector, Defendant knew or should have known the ramifications for its unfair and deceptive conduct.

36. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff WILLIAM BRYANT respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 16, 2021                                  Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
/s/ Marwan R. Daher
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*